UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ADRIENNE ANDERSON, et al., | ) | 3:13-CV-0226-RCJ (VPC) |
| | ) | |
| Plaintiffs, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 4, 2016 |
| | ) | |
| ROBIN McGAHUEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:    THE HONORABLE VALERIE P. COOKE, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    LISA MANN          REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

On August 5, 2013, the parties notified the court that they had reached a settlement of this action (#18). Thereafter, on September 6, 2013, the District Court granted the stipulation for dismissal with prejudice (#22), and this case was closed. Because the settlement agreement between the parties was reached privately, the court has no jurisdiction to set aside or enforce the agreement between the parties. This case is dismissed and the court's file on this matter is closed. No further filings will be accepted in this case. Any future filings from the plaintiffs shall be returned without further order of the court.

"Federal courts are courts of limited jurisdiction" and possess only the power authorized by the Constitution and United States statutes. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). This power cannot be expanded by judicial order. *Id.*, citing *American Fire & Causualty Co. v. Finn*, 341 U.S. 6 (1951). It is well settled that there is a presumption that a cause of action lies outside the federal court's limited jurisdiction, and that the party asserting jurisdiction has the burden of establishing it. *Kokkonen*, 511 U.S. at 377. Federal courts must have either an independent (constitutional or statutory) basis for jurisdiction over a cause of action or jurisdiction pursuant to the court's inherent powers or ancillary jurisdiction. *Id.* at 378.

In *Kokkonen*, the Supreme Court held that federal courts do not have inherent or ancillary jurisdiction to enforce a settlement agreement merely because the subject of the settlement was a federal lawsuit. *Id*. at 381. The Court stated that ancillary jurisdiction is general permissible under two circumstances: "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decress." *Id*. at 379-80 (internal citations omitted). As to the first circumstance, the Court found that it would not be particularly efficient for a federal court to exercise jurisdiction over what is essentially a breach of contract claim because the facts underlying the breach of a settlement agreement "have nothing to do with" the facts of the underlying case. *Id.* at 380.

As to the second circumstance, the Court held that a federal court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement into the order." *Id.* at 381. Jurisdiction exists in such a case because a breach of the settlement agreement violates a court order. *Mallard Automotive Group Ltd. v. United States*, 343 F.Supp.2d 949, 955 (D. Nev. 2004) *citing Kokkonen*, 511 U.S. at 375. If the federal court has no independent jurisdiction over the settlement agreement, and absent making the settlement agreement part of the dismissal order, enforcement of the agreement is for the state courts. *Mallard*, 343 F.Supp.2d at 955.

"Mere awareness and approval of the terms of the settlement agreement" by the judge are not enough to make the settlement agreement part of the dismissal order. *Kokkonen*, 511 U.S. at 381. Nor is language in the order of dismissal stating that the dismissal is "based on the settlement" enough for the federal court to retain jurisdiction. *O'Connor v. Colvin*, 70 F.3d 530, 532 (9th Cir. 1995). "Indeed, even a district court's expressed intention to retain jurisdiction is insufficient to confer jurisdiction if that intention is not expressed in the order of dismissal." *Id. citing Hagestad v. Trafeseer*, 49 F.3d 1430, 1433 (9th Cir. 1995) (finding that although the judge stated on the record that he would act as "czar" over the settlement, because the order of dismissal merely stated "Counsel having informed the court that this action has been settled, this action is dismissed with prejudice," the court did not retain jurisdiction over enforcement of the settlement agreement).

Therefore, plaintiffs' motion to enforce settlement (#23), for default judgment (#27), and to reopen case (#31) are **DENIED**. Defendants' motions to dismiss (#s 24 & 33) have been construed by the court as oppositions to plaintiffs' motions and are **DENIED**.

**IT IS SO ORDERED.**

                                                LANCE S. WILSON, CLERK

                 By:_____/s/_____
                         Deputy Clerk